# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| SUSAN STEADMAN, JAMES L. STEADMAN, <br><br> Plaintiffs, <br><br> v. <br><br> BANK OF AMERICA, N.A., successor by merger to BAC Home Loans Servicing, L.P. f/k/a Countrywide Home Loans Servicing, L.P., NATIONSTAR MORTGAGE, LLC <br><br> Defendants. | Case No. 1:20-cv-00905-ACA |
| NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER, <br><br> Third party plaintiff, <br><br> v. <br><br> CORELOGIC, <br><br> Third party defendant. | |

## NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER'S
## THIRD PARTY COMPLAINT

Defendant Nationstar Mortgage LLC dba Mr. Cooper brings its third party complaint against CoreLogic.

## I. PARTIES

1. Nationstar is a Delaware limited liability company authorized to conduct business in Alabama.

2. CoreLogic is a Delaware corporation with its primary place of business in California. CoreLogic was authorized to conduct business in Alabama at all relevant times.

3. Nationstar retained CoreLogic to act as its tax vendor for loans it serviced, including using borrower escrow funds to pay property taxes, identify the correct property address to pay taxes on, and investigate any irregularities in connection with tax payments.

4. Nationstar retained CoreLogic to act as its tax vendor with respect to Susan and James Steadmans' mortgage.

## II. JURISDICTION

5. Nationstar repeats and re-alleges the preceding paragraphs.

6. This court has supplemental jurisdiction under 28 U.S.C. § 1367.

## III. BACKGROUND

7. Nationstar repeats and re-alleges the preceding paragraphs.

8. Susan and James Steadman purchased the property at 177 Kreek Knoll, Lincoln, Alabama 35096 on April 12, 2010, with a loan from Quicken Loans taken out by Ms. Steadman.

9. Mr. Steadman is not a party to the loan but executed the mortgage as the co-owner of the property.

10. Ms. Steadman agreed to pay monthly into an escrow account for property taxes and insurance.

11. Bank of America, N.A. began servicing the loan in March 2012, and became the mortgagee of record.

12. Bank of America, N.A. executed a new mortgage with the Steadmans on May 14, 2013, to correct the lot numbers in the legal description.

13. The new mortgage did not correct the parcel identification number for the Steadmans' property. It lists parcel number 08-03-07-0-000-007.017, but the parcel number for the Steadmans' property is 08-03-07-0-000-007.018.

14. The property address and legal description on the new mortgage correctly identify the Steadmans' property.

15. Bank of America transferred servicing of Ms. Steadman's loan to Nationstar on June 4, 2013.

16. Nationstar contracted with CoreLogic to act as its tax vendor for Ms. Steadmans' loan.

17. Nationstar specifically appointed CoreLogic as its tax payment vendor with the authority to sign and file documents related to the submission of property tax payments and to make property tax payments for and on behalf of Nationstar to

the appropriate taxing authorities. CoreLogic also agreed to receive notices, correspondence, transcripts, refunds, payment frequency data and other information with respect to property tax payments by Nationstar.

18. CoreLogic's duties also included identifying the correct property address to pay taxes on and investigating returned tax payments and irregularities in connection with tax payments.

19. Nationstar's contract with CoreLogic includes an indemnification provision requiring CoreLogic to indemnify and hold harmless Nationstar and its successors and assigns from and against any and all claims, damages, costs and expenses (including, without limitation, reasonable attorneys' fees) incurred as a result of any third party claim arising from CoreLogic's use or misuse of its grant of agency powers in any manner.

20. Nationstar was not aware of the incorrect parcel number in the mortgage's legal description at servicing transfer.

21. CoreLogic paid property taxes from Ms. Steadman's escrow account based on the mortgage parcel identification number rather than the common property address or corrected legal description.

22. CoreLogic paid taxes for the incorrect parcel starting in 2013.

23. It received a refund of the 2013 tax payment from the Talladega County tax collector in 2013.

24. 2013 taxes went unpaid for the correct parcel.

25. The Talladega County tax collector sold the property to Mercury Funding, LLC on May 6, 2014.

26. Mercury Funding obtained a tax deed on June 13, 2017, and deeded its interest to WMW Land, LLC on July 14, 2017.

27. WMW filed a complaint for possession, ejectment, and declaratory judgment on the tax sale against the Steadmans on December 3, 2019.

28. Nationstar redeemed the property on the Steadmans' behalf. Nationstar paid all back taxes on the Steadmans' property from its own funds through the redemption.

29. Nationstar also settled WMW's outstanding claim to mesne rents during the time the Steadmans' occupied the property after the tax deed issued.

30. The Steadmans have also been placed back on title.

31. The Steadmans assert only one claim against Nationstar for "money had and received" in their amended complaint. They allege Nationstar received the Steadmans' escrow payments and had a duty to properly identify and apply the property tax escrow payments to the correct account. They also claim the escrow amounts had and received for the Steadmans' property taxes were not properly paid. The Steadmans allege they are due to receive from Nationstar the monies had and received for the escrow property taxes.

## IV. DEMANDS FOR DEFENSE AND INDEMNIFICATION

32. Nationstar repeats and re-alleges the preceding paragraphs.

33. Nationstar sent CoreLogic a demand for indemnification pursuant to its contract with Nationstar on or around September 14, 2020.

34. CoreLogic refused the demand and denied any liability.

35. Nationstar also requested CoreLogic participate in mediation in this action on or around January 14, 2021.

36. CoreLogic again refused to participate in any way.

## COUNT I
## (INDEMNIFICATION)

37. Nationstar repeats and re-alleges the preceding paragraphs.

38. CoreLogic agreed to indemnify and hold harmless Nationstar and its successors and assigns from and against any and all claims, damages, costs and expenses (including, without limitation, reasonable attorneys' fees) incurred as a result of any third party claim arising from CoreLogic's use or misuse of its grant of agency powers in any manner.

39. The Steadmans bring claims against Nationstar related to CoreLogic's performance of its tax vendor duties and ensuring taxes were paid on the correct property according to the mortgage's common property address and corrected legal description.

40. CoreLogic should have paid property taxes according to the common

legal address or corrected legal description.

41. CoreLogic should have investigated irregularities with the tax payment after receiving the tax refund from the Talladega County tax collector.

42. Nationstar relied on CoreLogic to pay the Steadmans' taxes for the correct property.

43. But for CoreLogic paying taxes for the incorrect property and failure to properly investigate the returned payment, Nationstar would not have incurred any loss, attorneys' fees, or costs in the litigation or the ejectment action.

44. CoreLogic is required to indemnify and reimburse Nationstar for the attorneys' fees and costs it incurred in the litigation, the redemption payment, the mesne rents settlement and for its fees and costs incurred in bringing this third party complaint.

## COUNT II
### (Contribution)

45. Nationstar repeats and re-alleges the preceding paragraphs.

46. Nationstar retained CoreLogic to act as its tax vendor for loans it serviced, including using borrower escrow funds to pay property taxes, identify the correct property address to pay taxes on, and investigate any irregularities in connection with tax payments.

47. Nationstar retained CoreLogic to act as its tax vendor with respect to Susan and James Steadmans' mortgage.

48. CoreLogic should have identified the correct property based on the common property address and corrected legal description in the amended mortgage.

49. CoreLogic also had sole responsibility to properly pay taxes on the Steadmans' property from Ms. Steadman's escrow account.

50. CoreLogic had notice of potential issues with its payment of taxes based on parcel identification number rather than common property address or corrected legal description yet did not adequately investigate.

51. If Nationstar is held liable and responsible to the Steadmans as alleged in the amended complaint, equity dictates CoreLogic should be responsible for contribution in the proportion of its fault as determined by the Court.

52. Contribution would assist in the fair and just division of losses and prevent unfairness and injustice.

## COUNT III
## (BREACH OF CONTRACT)

53. Nationstar repeats and re-alleges the preceding paragraphs.

54. CoreLogic's services provided to Nationstar as tax vendor were governed by its contract with Nationstar.

55. CoreLogic should have paid taxes according to common property address and corrected legal description, not parcel identification number.

56. CoreLogic also should have investigated the returned tax payment and

irregularities in connection with tax payments.

57. CoreLogic paid property taxes from Ms. Steadman's escrow account based on the mortgage parcel number rather than the common property address or corrected legal description.

58. CoreLogic paid taxes for the incorrect parcel starting in 2013.

59. It received a refund of the 2013 tax payment from the Talladega County tax collector in 2013.

60. 2013 taxes went unpaid for the correct parcel.

61. CoreLogic had notice of potential issues with its payment of taxes based on parcel identification number rather than common property address or corrected legal description yet failed to adequately investigate.

62. The Talladega County tax collector sold the property to Mercury Funding, LLC on May 6, 2014.

63. CoreLogic breached its contract by not properly paying taxes for the Steadmans' property, investigating the returned tax payment, and for the reasons stated in this third party complaint.

64. Nationstar is entitled to reimbursement for the attorneys' fees and costs it incurred in the litigation, the redemption payment, the mesne rents settlement and for its fees and costs incurred in bringing this third party complaint.

WHEREFORE, Nationstar prays for judgment as follows:

1. The Court enter an order an order declaring CoreLogic must indemnify Nationstar for its losses sustained in the litigation, the ejectment action, redemption, and mesne rents payment, plus interest;

2. The Court enter an order requiring CoreLogic to contribute to any judgment entered in favor of the Steadmans against Nationstar as a result of the claims in the amended complaint, based upon the relative percentage of fault of each party including Nationstar;

3. The Court enter an order declaring CoreLogic breached its contract with Nationstar;

4. The court award Nationstar the amount of its attorneys' fees and costs incurred in the litigation or as a result of the litigation, plus interest;

5. Nationstar be awarded such other and further relief as the court deems proper.

This the 12th day of February, 2021.

    */s/ Erin E. Edwards*
Erin E. Edwards (admitted *pro hac vice*)
**AKERMAN LLP**
71 South Wacker Drive, 47th Floor
Chicago, Illinois 60606
Tel.: (312) 634-5700
Email: erin.edwards@akerman.com

    */s/ Carl Emmons*
Carl Emmons (EMM003)
**TIFFANY & BOSCO, P.A.**
2311 Highland Avenue South, Suite 330

                Birmingham, Alabama 35255
                Telephone: (205) 930-5369
                Email: cje@tblaw.com

*Attorneys for defendant Nationstar Mortgage LLC dba Mr. Cooper*

56494225;3

## CERTIFICATE OF SERVICE

I certify on the 12th day of February, 2021, a true and correct copy of the foregoing **NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER'S THIRD PARTY COMPLAINT** was filed electronically with the court and served electronically via CM/ECF on the following:

Charles E. Robinson, Jr.
The Robinson Law Firm, P.C.
Post Office Box 370
Ashville, Alabama 35953
Email: crobjr@rlflaw.net

*Attorneys for Plaintiffs*

Graham Gerhardt
Bradley Arant Boult Cummings LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203
Email: ggerhard@bradley.com

*Attorneys for Bank of America, N.A.*

    */s/ Abigail DeWitt*
    Abigail DeWitt

56494225;3