UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| SUSAN STEADMAN, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No.: 1:20-cv-905-ACA |
| v. ) | |
| ) | OPPOSED |
| BANK OF AMERICA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MOTION TO SEVER AND STAY THIRD-PARTY CLAIMS**

In accordance with Federal Rules of Civil Procedure 21 and 42(b), third-party defendant CoreLogic Tax Services, LLC ("CoreLogic") moves the Court to sever for separate trial the third-party claims asserted against it by defendant Nationstar Mortgage LLC ("Nationstar") dba Mr. Cooper and asks the Court to stay the litigation of those claims pending resolution of the Plaintiffs' claims in this action. Neither Nationstar nor Bank of America, N.A. ("BoA") opposes this request. Plaintiffs ("Steadmans") oppose this motion. In further support, CoreLogic states the following:

Procedural History

1. In June 2020, Plaintiffs Susan and James Steadman sued Nationstar and Bank of America, N.A. (their alleged mortgage loan servicers), asserting Alabama state-law claims arising out of defendants' purported failure to pay the property taxes

1

on the Steadmans' property. (*See* Doc. 1 (original complaint); *see also* Doc. 22 (amended complaint).)

2. The Steadmans demand a jury trial. (Doc. 1 at 12; Doc. 22 at 13.)

3. In March 2021, Nationstar moved for and obtained leave to file a third-party complaint against CoreLogic. (*See* Docs. 34–37.) Nationstar's third-party complaint alleges that CoreLogic failed to pay the Steadmans' property taxes and seeks indemnity from CoreLogic based on a contract between Nationstar and CoreLogic. (*See* Doc. 39.) Notably, the contract between Nationstar and CoreLogic contains a choice-of-law provision that requires the application of New York law.

4. Nationstar does not demand a jury trial on its third-party claims against CoreLogic. (*See id.*)

## Argument

Federal Rule of Civil Procedure 21 allows the Court to "sever any claim against a party." Fed. R. Civ. P. 21. Similarly, Rule 42(b) allows the Court to "order a separate trial of one or more . . . third-party claims" for "convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b); *see also* Fed. R. Civ. P. 14(a)(4) ("Any party may move to strike the third-party claim, to sever it, or to try it separately."); Fed. R. Civ. P. 14 cmt. (noting that the Court has the discretion "to sever the third-party claim or accord it separate trial if confusion or prejudice

would otherwise result"). This Court should sever for separate trial Nationstar's third-party claims against CoreLogic and stay those claims for the following reasons.

*First*, severing the third-party claims will avoid confusion and prejudice at the trial. The Steadmans' claims and Nationstar's third-party claims are governed by different law and will be decided by different factfinders. The Steadmans' claims will be tried before a jury (*see* Doc. 22), but Nationstar's claims against CoreLogic will not (*see* Doc. 39). Further, the Steadmans' claims are governed by Alabama law (*see* Doc. 22), but Nationstar's claims against CoreLogic (which stem from a contract between the parties) are governed by a choice-of-law provision calling for the application of New York law. Trying the claims (governed by different law and decided by different factfinders) together will likely confuse the jury. And add to that the fact that Nationstar's third-party claims will require the introduction of evidence that has nothing to do with the Steadmans' claims, and confusion will likely further abound.

For example, Nationstar's third-party claims will require the introduction of the contract with CoreLogic, testimony about the relationship between Nationstar and CoreLogic, and proof of any damages caused to Nationstar by CoreLogic. None is relevant to the Steadmans' claims. Indeed, the Steadmans do not have a contract with CoreLogic and have no relationship whatsoever with CoreLogic. Plus, the legal theories underlying contribution, indemnity, and third-party claims are complex.

3

Given this, there is a real "possibility that the jury would misunderstand the role of the third-party defendant[ ] at trial," potentially prejudicing the parties. *Kosters v. Seven-Up Co.*, 595 F.2d 347, 356 (6th Cir. 1979) (holding that the district court did not abuse its discretion in severing third-party claims for indemnity and contribution).

The Court should thus sever Nationstar's third-party claims. *See Engen v. Colo. Mills Mall Ltd. P'ship*, 2010 WL 2232422, at *1 (D. Colo. May 28, 2010) (severing the plaintiff's tort claims from a third-party contractual indemnity claim because "[a]sking the jury to simultaneously consider the discrete factual issues implicated by these two related, but 'clearly separable' claims, will unnecessarily complicate and potentially confuse the threshold determination of premises liability in this case"); *see also Kosters*, 595 F.2d at 356 (affirming severance and noting that the district judge "was no doubt aware of the confusion that surrounds questions of indemnity and contribution").

*Second*, judicial economy and convenience strongly suggest severing the claims. The Steadmans' claims against Nationstar will be heard by a jury, but Nationstar's third-party claims against CoreLogic will not (*see* Docs. 22 & 39), making it more convenient to sever the claims. In addition, Nationstar's claims (governed by New York law) are premature until the Steadmans' claims against Nationstar are resolved and Nationstar has to make a payment on any judgment. *See*

4

*State v. Syracuse Rigging Co.*, 249 A.D.2d 758, 759 (N.Y. App. Div. 1998) ("As a general rule, a claim for indemnification does not accrue until payment has been made by the party seeking indemnification."). Thus, the extent of CoreLogic's liability (if any) can only be fully known once the Steadmans' underlying claims are resolved. (*See* Doc. 39 at ¶ 51 (Nationstar's third-party contribution claim alleging that "*[i]f* Nationstar is held liable and responsible to the Steadmans as alleged in the amended complaint, equity dictates CoreLogic should be responsible for contribution in the proportion of its fault as determined by the Court" (emphasis added))); *see also Engen*, 2010 WL 2232422, at *1 (severing a third-party indemnity claim because "depending on the jury's verdict, the indemnification claim may evanesce"). Severing the third-party claims until after the resolution of the Steadmans' claims will conserve judicial resources and promote judicial economy. *See Beights v. W. R. Grace & Co.*, 67 F.R.D. 81, 86 (W.D. Okla. 1975) (affirming the severance of a third-party claim where the governing law held that the third-party complaint "had not matured and would not mature until the Third Party Plaintiff had been subjected to a judgment on Plaintiff's claim and had satisfied the same").

*Finally*, if this Court severs Nationstar's third-party claims, it should also stay them. As noted above, the extent, if any, of CoreLogic's liability to Nationstar, will only be known once the Steadmans' claims are fully resolved. Since it is possible that some of the claims in the third-party complaint may be rendered moot (*e.g.*, by

5

the failure of the Steadmans to recover), judicial economy concerns strongly favor staying those claims pending the conclusion of the Steadmans' claims against Nationstar. In addition, Nationstar does not oppose this stay request.

## Conclusion

For these reasons, the Court should sever Nationstar's third-party claims against CoreLogic and stay the litigation of those claims.

*/s/ Patton Hahn*
W. PATTON HAHN
One of the attorneys for CoreLogic Tax Services, LLC

**OF COUNSEL:**
BAKER, DONELSON, BEARMAN,
    CALDWELL & BERKOWITZ, P.C.
420 North 20th Street, Suite 1400
Birmingham, Alabama  35203
Telephone:  (205) 250-8366
phahn@bakerdonelson.com

## CERTIFICATE OF SERVICE

I hereby certify that I have filed the foregoing with the Clerk of Court using the CM/ECF filing system, which will forward a copy of same to counsel of record on April 23, 2021.

Erin E. Edwards, Esq.
AKERMAN LLP
71 South Wacker Drive, 47th Floor
Chicago, Illinois 60606
Tel.: (312) 634-5700
Email: erin.edwards@akerman.com

Carl Emmons, Esq.
TIFFANY & BOSCO, P.A.
2311 Highland Avenue South, Suite 330
Birmingham, Alabama 35255
Telephone: (205) 930-5369
Email: cje@tblaw.com

Charles E. Robinson, Jr., Esq.
THE ROBINSON LAW FIRM, P.C.
Post Office Box 370
Ashville, Alabama 35953
Email: crobjr@rlflaw.net

Graham Gerhardt, Esq.
BRADLEY ARANT
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203
Email: ggerhard@bradley.com

Vincent J. Graffeo, Esq.
GRAFFEO LAW, LLC
2119 Third Avenue North, Suite 203
Birmingham, Alabama 35203
vincent@graffeolaw.com

*/s/ Patton Hahn*
Of Counsel

4847-6175-2550v2
- 04/19/2021